**FILED**

MAY 16 2006

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| INES HERRERA MARTINEZ, | \* | CIV 05-4074 |
| | \* | CR 02-40036 |
| Movant, | \* | |
| | \* | MEMORANDUM OPINION |
| -vs- | \* | AND ORDER |
| | \* | |
| UNITED STATES OF AMERICA, | \* | |
| | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Ines Herrera Martinez filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and the government filed a response to the motion. For the following reasons, an evidentiary hearing will be held in this case.

## BACKGROUND

On October 10, 2002, a jury convicted Movant of possession with intent to distribute a controlled substance, and further found him guilty of illegal reentry after deportation. Initially, Movant was represented by the Federal Public Defender's Office. Movant then retained Michael Hanson and Glenn Osajima, who represented him at trial and sentencing. Movant was sentenced to 120 months of imprisonment and 8 years supervised release. Represented by Michael Hanson, Movant appealed this Court's denial of his suppression motion, arguing that the initial traffic stop and the continued detention by law enforcement officials were both illegal. The Eighth Circuit affirmed the judgment of this Court. Movant's request for rehearing and rehearing en banc was denied on March 1, 2004.

Represented by Kevin Schad, with Sidney Strange acting as local counsel, Movant brought this timely[1] § 2255 motion, setting forth three grounds for relief. In his first two grounds for relief, Movant claims that attorney Hanson rendered ineffective assistance on appeal by: 1) failing to file a petition for certiorari, and 2) failing to raised certain issues on appeal. In Movant's third ground for relief, he asserts that his sentence is unconstitutional under *United States v. Booker*, 543 U.S. 220 (2004). The government answered the motion.

## DISCUSSION

A defendant is entitled to § 2255 relief if he can show that his counsel's representation fell below an objective standard of reasonableness and that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

At this juncture, the Court will focus on Movant's assertion that he asked his lawyer to file a petition for certiorari and that his lawyer's failure to do so amounted to ineffective assistance of counsel. Movant cites authority for the proposition that a showing of prejudice is unnecessary to find ineffective assistance of counsel if a defendant shows that he requested such a filing and counsel failed or refused to do so. *See, e.g., Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002). In *Cox v. United States*, 294 F.3d 959 (8th Cir. 2002), the Eighth Circuit found that counsel failed to file a petition for certiorari as promised. In light of that, the Eighth Circuit vacated its judgment affirming Cox's conviction and entered a new judgment in order to allow timely filing of the petition. *See id.* at 960.

Unless it is clear from the pleadings, files, and records that the prisoner is entitled to no relief, § 2255 makes a hearing mandatory. *See* 28 U.S.C. § 2255. The government did not respond to Movant's assertion that he asked his lawyer to file a petition for certiorari and that his lawyer's failure to do so amounted to ineffective assistance of counsel, and nothing was submitted to refute

---

[1]Initially, the government challenged the timeliness of the motion, but later the government agreed that the motion is timely.

Movant's claim that he asked his counsel to file a petition for certiorari. The Court finds that an evidentiary hearing is necessary to address this issue. *See Estes v. United States*, 883 F.2d 645, 649 (8th Cir. 1989) (remanding for an evidentiary hearing on the question whether the movant requested his counsel to file an appeal). At the hearing, the parties also shall be prepared to address the procedure to be followed if the Court determines Movant asked his lawyer to file a petition for certiorari. Accordingly,

IT IS ORDERED:

(1) That an evidentiary hearing will be held on June 19, 2006, at 10:00 a.m., to determine whether Ines Herrera Martinez asked his attorney, Michael Hanson, to file a petition for certiorari.

(2) That the United States Marshal's Service will transport Ines Herrera Martinez from the federal institution in which he currently resides to Sioux Falls, South Dakota, for the evidentiary hearing.

(3) That the Clerk of Court shall serve a copy of this Memorandum Opinion and Order upon Mr. Michael W Hanson, 505 W. 9th St., #100, Sioux Falls, South Dakota 57104.

Dated this 16th day of May, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Sharon Louko
(SEAL)      DEPUTY

3