FILED
JUL 03 2006

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| INES HERRERA MARTINEZ, | * | CIV 05-4074 |
|  | * | CR 02-40036 |
| Movant, | * |  |
|  | • | MEMORANDUM OPINION |
| -vs- | * | AND ORDER GRANTING MOTION |
|  | * |  |
| UNITED STATES OF AMERICA, | * |  |
|  | * |  |
| Respondent. | * |  |
|  | * |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Ines Herrera Martinez ("Movant") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and the government filed a response to the motion. An evidentiary hearing was held on June 22, 2006. After the hearing, the Court requested additional information from the parties, and the motion is now ready for ruling. For the following reasons, Movant will be allowed to file a petition for certiorari with the United States Supreme Court.

## BACKGROUND

On October 10, 2002, a jury convicted Movant of possession with intent to distribute a controlled substance, and further found him guilty of illegal reentry after deportation. Initially, Movant was represented by the Federal Public Defender's Office. Movant then retained Michael Hanson and Glenn Osajima, who represented him at trial and sentencing. Movant was sentenced to 120 months of imprisonment and 8 years supervised release. After Movant established his inability to continue paying for a lawyer, Michael Hanson was appointed to represent Movant on appeal. Movant appealed this Court's denial of his suppression motion, arguing that the initial traffic stop and the continued detention by law enforcement officials were both illegal. The Eighth Circuit affirmed the judgment of this Court. Movant's request for rehearing and rehearing *en banc* was denied on March 1, 2004.

Represented by Kevin Schad, with Sidney Strange acting as local counsel, Movant brought this timely § 2255 motion, setting forth three grounds for relief. In his first two grounds for relief, Movant claims that attorney Hanson rendered ineffective assistance on appeal by: 1) failing to file a petition for certiorari, and 2) failing to raised certain issues on appeal. In Movant's third ground for relief, he asserts that his sentence is unconstitutional under *United States v. Booker,* 543 U.S. 220 (2004). Regarding the first claim of ineffective assistance of counsel for failing to petition for certiorari, Movant claimed in his § 2255 that he directed his court-appointed lawyer, Michael Hanson, to file the petition for certiorari, but Mr. Hanson failed to do so. The government did not respond to this allegation. On June 22, 2006, an evidentiary hearing was held on this issue.

At the hearing on June 22, 2006, a federally certified Spanish interpreter was present by telephone for Movant. Movant testified that Michael Hanson represented him on appeal. Hanson contacted Movant when the Eighth Circuit ruled against him on appeal, and forwarded a copy of the decision to Movant. Movant testified he told Hanson that he wanted to appeal to the United States Supreme Court. The time limit had elapsed to file an appeal with the Supreme Court when Movant discovered that Hanson had not filed an appeal. Movant said that "all along" during the course of Hanson's representation, Movant told him he wanted to appeal all the way to the Supreme Court. Movant never specified a specific time when he told Hanson he wanted to appeal to the Supreme Court.

The Court next heard testimony from Hanson. Hanson started out representing Movant on a retained basis in the capacity of local counsel. Osajima handled most of the trial. After the trial, Movant indicated that he wanted Hanson rather than Osajima to represent him. Hanson knew that Movant could not afford to pay him, so he prepared the appropriate motion for a court appointment. The Eighth Circuit appointed him to represent Movant on appeal. Movant called Hanson periodically and wrote him letters during the appeal. When the Eighth Circuit denied the appeal, Hanson filed a petition for rehearing after receiving a call from a paralegal at attorney Kevin Schad's office asking him if he planned to do so. The petition for rehearing was denied and Hanson believed that his representation of Movant concluded at that time.

2

On March 5, 2004, Hanson sent a letter to Movant stating:

> Enclosed is a copy of the 8th Circuit Court of Appeals Order denying our request for a re-hearing en banc and for a re-hearing by the panel.
> Your only route now is an appeal to the United States Supreme Court.
> I have never done an appeal to the Supreme Court. Furthermore, I will not do it in this case. I would be doing you no service by attempting to do it.
> If you wish to appeal to the Supreme Court you must do a Motion to Proceed "in forma pauperis" and submit a Petition for a Writ of Certiorari.
> Enclosed is a copy of the 8th Circuits Decision and a copy of the rule on what you must do if you wish to proceed.

(Hearing Exhibit 1.) According to Hanson, he sent this letter to Movant to "force the issue" of an appeal because another lawyer, Kevin Schad, was watching everything that he did in the case and was going to be filing a habeas alleging ineffective assistance of counsel. On cross-examination, Hanson admitted that he was unaware of a rule requiring him to file a petition for a writ of certiorari, but he denied that Movant ever asked him to do so. If Movant had asked Hanson to file an appeal, Hanson said he would have called the Eighth Circuit to find out what he needed to do as a court-appointed attorney. Movant did not respond to the March 5 letter, and Hanson believed that meant Movant did not want to petition for certiorari. Movant had told Hanson that his new lawyer, Kevin Schad, was taking over the case. Hanson understood that to mean Schad would file a habeas alleging ineffective assistance of attorney Osajima, not that he would file a petition for a writ of certiorari. Hanson sent all of the legal papers to Movant's new lawyer.

Hanson said that Movant spoke in "broken" English, but Hanson could understand him because he had some Spanish in college and he represents many Hispanic people. The Court noted that Movant spoke no English at all during the evidentiary hearing, not even "broken" English, although it was not necessary to attempt to speak in English as an interpreter was used. Hanson believes that Movant attended one year of college in Mexico.

## DISCUSSION

A defendant is entitled to § 2255 relief if he can show that his counsel's representation fell below an objective standard of reasonableness and that, but for counsel's unprofessional errors, the

3

result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). Movant asserts that he asked his lawyer to file a petition for certiorari and that his lawyer's failure to do so amounted to ineffective assistance of counsel. Prejudice to a defendant is presumed when counsel failed to file a notice of appeal after being "so instructed by the client." *Estes v. United States*, 883 F.2d 645, 648 (8th Cir. 1989). The Ninth Circuit aptly stated: "The prejudice in failure to file a notice of appeal cases is that the defendant lost his chance to file the appeal, not that he lost a favorable result that he would have obtained by appeal." *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2005).

In considering whether an attorney for an indigent defendant has the duty to file a petition for certiorari when the defendant so requests, the Supreme Court in *Austin v. United States,* 513 U.S. 5, 8 (1994), directed the Circuit Courts to revise their Criminal Justice Plans if necessary so that counsel would not be obliged to file petitions for certiorari that would present frivolous claims in violation of Supreme Court rules. On December 6, 1994, the Eighth Circuit revised Part V of its Amended Criminal Justice Act Plan. Specifically, counsel is to advise the defendant of the right to file a petition for writ of certiorari in the Supreme Court of the United States, and to inform the defendant as to the merits and likelihood of success in the filing of such a petition. If counsel determines there are meritorious issues, defense counsel shall assist the defendant in filing a petition for writ of certiorari. If counsel determines there are no meritorious issues warranting the filing of a petition for writ of certiorari, counsel shall advise the defendant of the procedures for filing a petition *pro se*, and the time limits for the filing of such a petition. Counsel shall file a certification with the clerk within 30 days certifying that he has complied with his obligations under the Amendment to Part V of the Plan to Implement the Criminal Justice Act of 1964. Hanson admitted that he was not aware of the procedure set forth in Part V of the Eighth Circuit's Plan, and he did not follow that procedure.

In *Wilson v. United States,* 554 F.2d 893 (8th Cir. 1977), the court held that in a 28 U.S.C. § 2255 case, the petitioner's attorney's failure to advise of the right to petition for certiorari on direct

4

appeal violates the right to effective assistance of counsel guaranteed by Federal Rule of Criminal Procedure 44(a), 18 U.S.C. § 3006A, and Part V of the Eighth Circuit Plan to Implement the Criminal Justice Act of 1964. *Id.* at 894. In dictum, the court added that the attorney's failure "may also violate constitutional rights to effective assistance of counsel and due process of law." *Id.* The court recalled its mandate, issued a new mandate, and advised the defendant and his appointed counsel of his right to petition for certiorari. *Id.* at 895. Later, in *Armstrong v. Kemna*, 365 F.3d 622 (8th Cir. 2004), the court held that in a 28 U.S.C. § 2254 state habeas case, the petitioner's attorney's failure to follow Missouri's procedural rules to secure a trial continuance may impact the resolution of petitioner's ineffective assistance of claim. The court remanded with directions to the district court to analyze the impact of counsel's failure to follow Missouri's procedural rules for securing a continuance.

Based on the testimony at the hearing and its observation of the witnesses, the Court finds that Movant did in fact want to file a petition for certiorari, that he believed he made such a request clear to his counsel, but that there was a miscommunication between Hanson and Movant regarding filing a petition for certiorari. The miscommunication probably resulted from attempting to communicate on legal matters without the assistance of an interpreter. It is one thing to get by with "tourist Spanish" and quite another to accurately communicate regarding legal matters. The Court also finds that Hanson's failure to be aware of, and the resultant failure to follow the procedures set forth in, Part V of the Plan to Supplement the Criminal Justice Act of 1964 does in this case result in ineffective assistance of counsel because, in combination with the miscommunication, failure to follow the procedure resulted in Movant's loss of the opportunity to petition for certiorari. Hanson did not believe there was a reasonable likelihood that the petition for writ of certiorari would be granted. Under the procedure, he would have then informed the Eighth Circuit and the procedure specified would have continued which would have resulted in the Movant being advised of the procedures for filing a petition for writ of certiorari *pro se*. Hanson came close to doing just that, but not close enough. The result was that Movant lost his chance to file a petition for certiorari.

Because the performance and prejudice prong have been satisfied, the Court will grant relief on the ineffective assistance of counsel claim. In *Cox v. United States*, 294 F.3d 959 (8th Cir. 2002), the Eighth Circuit found that counsel failed to file a petition for certiorari as promised. In light of that, the Eighth Circuit vacated its judgment affirming Cox's conviction and entered a new judgment in order to allow timely filing of the petition. *See id.* at 960. The Court will ask the Eighth Circuit to vacate and reenter its Mandate in this matter and appoint new counsel to file a petition for certiorari and to represent Movant for purposes of the petition. Accordingly,

IT IS ORDERED that Ines Herrera Martinez's § 2255 motion is granted to the extent that the Court will ask the Eighth Circuit to vacate and reenter its Mandate in this matter, and appoint new counsel to file a petition for certiorari and to represent Movant for purposes of the petition for certiorari.

Dated this 3rd day of July, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
    (SEAL)           DEPUTY